IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KIMBERLY WILLIAMS (ID #50768-037), § <br> Petitioner, § <br> § <br> v. § <br> § <br> JODY R. UPTON, Warden, § <br> FMC-Carswell, § <br> Respondent. § | Civil Action No. 4:14-CV-1059-O |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Kimberly Williams, a federal prisoner confined in FMC-Carswell, against Jody R. Upton, warden of FMC-Carswell, Respondent.[1] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as an abuse of the writ.

**I. BACKGROUND**

Petitioner is serving a 90-month term of imprisonment on her conviction for bank fraud in the United States District Court for the Northern District of Georgia, Atlanta Division. Pet. 3, ECF No. 1. By way of this petition, Petitioner claims she is entitled to additional prior custody credit towards her federal sentence for time spent in state custody serving a Georgia term of imprisonment. *Id.* 5, ECF No. 1. The same claim was raised by Petitioner and rejected by this Court in *Williams v. Upton,* Civil Action No. 4:13-CV-722-C.

**II. DISCUSSION**

Title 28, United States Code, section 2243, authorizes a district court to summarily dismiss

---

[1] Petitioner did not pay the $5.00 filing fee or file an application to proceed *in forma pauperis.*

a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] Further, federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant submits repetitive or frivolous pleadings. *See* Fed. R. Civ. P. 11; *Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007); *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Appropriate sanctions may include dismissal, monetary sanctions, and/or restrictions on a litigant's ability to file future pleadings in a court. *United States v. Webb,* — F. App'x. —, 2014 WL 6997520, at *1 (5th Cir. Dec. 12, 2014).

The Court finds that this second habeas petition under § 2241 raising the same claim previously decided by the Court is repetitive and an abuse of the writ. *See Davis v. Fetchel,* 150 F.3d 486, 490-91 (5th Cir. 1998); *Falcetta v. United States,* 403 F. App'x 882, 883 (5th Cir. 2010); *Jennings v. Menifee,* 214 F. App'x 406, 407 (5th Cir. 2007). *See also Williams v. Whitley,* 994 F.2d 226, 231 (5th Cir. 1993) (noting that it is "entirely proper" for the district court to *sua sponte* raise the issue of a repetitive petition or abuse of the writ). Petitioner is advised that the filing of any future § 2241 petitions raising the prior-custody-credit claim presented will justify the imposition of sanctions.

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as an abuse of the writ. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 5th day of January, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**